Had Senteney admitted that she was driving the vehicle, I would concur with the majority that her detention and arrest is governed by Dayton v.Erickson. Senteney, however, denied that she was driving.
The first step in the review of a motion to suppress requires this court to give deference to the trial court's findings of historical fact unless they are clearly erroneous. See Ornelas v United States (1996),517 U.S. 690, 699, 116 U.S. 1657, 1663. The trial court's findings, as recited by the majority, simply do not address the turn-signal violation or Senteney's denial that she was driving the automobile. Neither did the state, as required by Crim.R. 12(E), request the trial court to make a factual finding on this issue. See State v. Benner (1988),40 Ohio St.3d 301 317-318, 533 N.E.2d 701, 718. As the credibility of witnesses is primarily for the trial court, sitting as the trier of fact, to determine, it was within the trial court's prerogative to determine if Senteney was driving and if the officer had observed a turn-signal violation. See State v. Deters (1998), 128 Ohio App.3d 329,334, 714 N.E.2d 972, 975.
Simply put, the trial court did not find Officer Vogelpohl's testimony credible. The court's finding, although implicit, is not clearly erroneous in view of Officer Vogelpohl's testimony that he was inside a doorway looking for drug trafficking when two men approached the parked automobile in which Senteney was seated. He recognized one as a drug dealer. After they left, he waited "a couple minutes" for them to return. When they did not return, he approached Senteney "to interrogate her because [he] thought she was involved in a drug transaction or was about to be involved in a drug transaction." When asked, why he had continued to question Senteney after she denied being involved in a drug transaction, he said, "[B]ecause I believed she was lying." He stated that he did not cite her for the turn-signal violation because "I typically just wrote the lower series violation and give them a break."
If the trial court's findings of historical fact are not clearly erroneous, the second step of the Ornelas test requires an independent analysis to determine whether there was an objective justification for Senteney's detention and subsequent arrest. See Ornelas v.United States, 517 U.S. at 696, 116 S.Ct. at 1661-1662; see, also, State v.Deters, 128 Ohio App. at 333-334, 714 N.E.2d at 974-975. The majority does not question that, absent the turn-signal violation, Officer Vogelpohl lacked reasonable, articulable suspicion to justify the initial stop, the continued detention, and the arrest of Senteney for driving under suspension. Deferring to the trial court in its findings of historical fact, I would affirm the granting of the motion to suppress.